UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN C. BELL, JR., ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:05-CV-255 RM |
| vs. ) | |
| ) | |
| OFFICER DITTRIC, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

John C. Bell, Jr., a *pro se* prisoner, filed a complaint pursuant to 28 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *See* Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Bell alleges that on April 30, 2005, Officer Dittic used excessive force while arresting him when he struck him in the back three times with his knee. Mr. Bell alleges that he was laying face down on the floor when this happened. "The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396. "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," Bell v. Wolfish, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions. Graham v. Connor, 490 U.S. at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. Graham v. Connor, 490 U.S. at 396. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Bell v. Wolfish, 441 U.S. at 497. Mr. Bell alleges that this

2

use of force was unnecessary. Giving Mr. Bell the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Officer Dittric in his individual capacity for monetary damages, on his Fourth Amendment excessive use of force claim;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk to transmit the summons and USM-285's for Officer Dittric to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Dittric; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Dittric respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May  31 , 2005

                                        /s/ Robert L. Miller, Jr.  
                                      Chief Judge  
                                      United States District Court