UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN C. BELL, JR.,            )
                             )
              Plaintiff      )
                             )    CAUSE NO. 3:05-CV-255 RM
        vs.                  )
                             )
OFFICER DITTRIC,             )
                             )
              Defendant      )

OPINION AND ORDER

John C. Bell, Jr., a *pro se* prisoner, filed this suit under 42 U.S.C. § 1983, alleging that Officer Dittric used excessive force against him in violation of the Fourth Amendment.[1] The defendant moved for summary judgment on January 16, 2006, notifying Mr. Bell of the importance of responding to the summary judgment motion pursuant to N.D. IND. L.R. 56.1(e). The deadline for a response passed on February 20, 2006, but Mr. Bell has not responded to the motion.[2] The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. Outlaw v. Newkirk, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

---

[1] All other claims were dismissed in this court's screening order of May 31, 2005.

[2] Neither did Mr. Bell respond to the defendant's motion to compel discovery (docket # 27), this court's order granting the motion to compel discovery (docket # 31), nor the defendant's motion to dismiss for not responding to his discovery requests after having been compelled to do so (docket # 32). Indeed, the court has not received anything from Mr. Bell since September 2005.

and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).

The defendant contends that Mr. Bell cannot prove that his use of force was unreasonable. The use of unreasonable force is an element of a claim for an excessive use of force. *See* Graham v. Connor, 490 U.S. 386, 396 (1989) and Bell v. Wolfish, 441 U.S. 520, 559 (1979). Because Mr. Bell has presented no evidence demonstrating that the defendant's use of force was unreasonable, the summary judgment motion will be granted.

For the foregoing reasons, the court **GRANTS** the motion for summary judgment (docket # 34).

SO ORDERED.

ENTERED: February 28 , 2006

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court

2